UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Cause No. 1:19-CR-84-HAB |
| ) | |
| JULIUS T. MOORE ) | |

**OPINION AND ORDER**

Now before the Court is Defendant's *pro se* request for the creation of a pre-plea presentence investigation report. (ECF No. 32). Having been granted the right to represent himself, Defendant now appears to seek information that counsel would ordinary provide, that being an estimate of his Sentencing Guidelines calculation. The Government objects on multiple grounds, generally asserting that the preparation of a presentence investigation report at this time would prejudice the prosecution. The Court finds that Defendant has provided no good reason for the Court to deviate from its normal procedures and will deny Defendant's request.

Federal Rule of Criminal Procedure 32 sets out sentencing procedures including the preparation and disclosure of presentence investigation reports. With respect to timing, the Rule provides, "[u]nless the defendant has consented in writing, the probation officer must not submit a presentence report to the court or disclose its contents to anyone until the defendant has pleaded guilty or nolo contendere, or has been found guilty." Fed. R. Crim. P. 32(e)(1). The Rule does not prohibit the creation of a presentence investigation report before a plea has been entered, but it does provide that the report should not be submitted to the court, or disclosed to anyone, until a plea or a finding of guilty has been made. *Stevens v. United States*, 227 F.2d 483, 485 (10th Cir. 1955). Absent waiver by the defendant, disclosure of the report prior to plea or trial "constitutes error of the clearest kind." *Gregg v. United States*, 394 U.S. 489, 492 (1969).

Defendant's request likely constitutes his consent for disclosure of the report, but the Court sees no reason to risk the potential error. Defendant's request contains no explanation or reason as to why the presentence investigation report should be prepared now. As the Government points out, there are any number of issues created by a premature report, including: Fifth Amendment issues during Defendant's interview; the potential for changes to the Guidelines calculation between now and a future plea; and premature disclosure of evidence and argument by the Government. The Government is also correct that the Guidelines calculation is not particularly complicated here, given the single-count nature of the indictment. In short, while there may be circumstances where a pre-plea presentence investigation report would be appropriate, those circumstances are not apparent here.

For the foregoing reasons, Defendant's request for a presentence investigation report (ECF No. 32) is DENIED. If Defendant pleads guilty or is found guilty by a factfinder, a presentence investigation report will be prepared at that time.

SO ORDERED on June 2, 2020.

    s/ Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT